UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

YASMEEN ABOUSHARKH,

    Plaintiff,

v.                          Case No. 8:20-cv-1036-VMC-AEP

JENKINS NISSAN, INC.,

    Defendant.
_____/

**ORDER**

This matter comes before the Court pursuant to Plaintiff Yasmeen Abousharkh's Motion in Limine (Doc. # 52), filed on July 1, 2021. Defendant Jenkins Nissan, Inc. responded on July 15, 2021. (Doc. # 53). For the reasons that follow, the Motion is denied.

**I.  Background**

Abousharkh initiated this case on May 4, 2020. (Doc. # 1). She filed her amended complaint on June 17, 2020, asserting claims against her former employer for sex discrimination (including sexual orientation discrimination) under Title VII and the Florida Civil Rights Act (FCRA) (Counts I, II, VII, and VIII), disability discrimination in violation of the Americans with Disabilities Act (ADA) and FCRA (Counts III and IV), retaliation in violation of the

FCRA (Count V), and Florida Whistle Blower Act retaliation (Count VI). (Doc. # 12). Summary judgment has since been granted on the disability discrimination and sexual orientation discrimination claims (Counts III, IV, VII and VIII), but the claims for sex discrimination and retaliation (Counts I, II, V and VI) survive. (Doc. # 63).

Abousharkh filed the instant Motion, seeking to exclude any evidence regarding the romantic relationship between herself and her former supervisor, Glen McGuire. (Doc. # 52). Jenkins has responded (Doc. # 53), and the Motion is ripe for review.

## II. Legal Standard

"A motion in limine presents a pretrial issue of admissibility of evidence that is likely to arise at trial, and as such, the order, like any other interlocutory order, remains subject to reconsideration by the court throughout the trial." In re Seroquel Prods. Liab. Litig., Nos. 6:06-md-1769-ACC-DAB, 6:07-cv-15733-ACC-DAB, 2009 WL 260989, at *1 (M.D. Fla. Feb. 4, 2009). "The real purpose of a motion in limine is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence which may irretrievably [a]ffect the fairness of the trial." Id. (internal quotation omitted). "A court has the power to

exclude evidence in limine only when evidence is clearly inadmissible on all potential grounds." Id. (internal quotation omitted).

"A motion in limine is not the proper vehicle to resolve substantive issues, to test issues of law, or to address or narrow the issues to be tried." LSQ Funding Grp. v. EDS Field Servs., 879 F. Supp. 2d 1320, 1337 (M.D. Fla. 2012)(citing Royal Indem. Co. v. Liberty Mut. Fire Ins. Co., No. 07-80172-CIV, 2008 WL 2323900, at *1 (S.D. Fla. June 5, 2008)). "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial." In re Seroquel, 2009 WL 260989, at *1 (internal quotation marks omitted). "Instead, denial of the motion means the court cannot determine whether the evidence in question should be excluded outside the trial context." Id. "The court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion in limine." Id.

The district court has broad discretion to determine the admissibility of evidence, and the appellate court will not disturb this Court's judgment absent a clear abuse of discretion. United States v. McLean, 138 F.3d 1398, 1403 (11th Cir. 1998); see also United States v. Jernigan, 341 F.3d 1273,

1285 (11th Cir. 2003)("Inherent in this standard is the firm recognition that there are difficult evidentiary rulings that turn on matters uniquely within the purview of the district court, which has first-hand access to documentary evidence and is physically proximate to testifying witnesses and the jury.").

### III. Analysis

Federal Rule of Civil Procedure 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Irrelevant evidence is inadmissible. Fed. R. Evid. 402. All relevant evidence is admissible unless "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 402, 403; United States v. Ross, 33 F.3d 1507, 1524 (11th Cir. 1994). Use of Rule 403 to exclude relevant evidence is an "extraordinary remedy" whose "major function . . . is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial

4

effect." United States v. Grant, 256 F.3d 1146, 1155 (11th Cir. 2001).

Abousharkh seeks to exclude evidence "of a rumored relationship between Abousharkh and McGuire either during or after their employment" as irrelevant and more prejudicial than probative under Rule 403. (Doc. # 52 at 7). The Court disagrees.

First, the existence of a romantic relationship between Abousharkh and McGuire is important impeachment evidence. Abousharkh intends to introduce the testimony of McGuire in support of her claims of sex discrimination. The fact that she and McGuire either are or were romantically involved goes directly to the issue of McGuire's bias. See Buckley Towers Condo., Inc. v. QBE Ins. Corp., No. 07-22988-CIV, 2008 WL 5505415, at *2 (S.D. Fla. Oct. 21, 2008)(noting that "impeachment by demonstration of bias, prejudice, interest in the litigation, or motive to testify in a particular fashion" is one method of impeachment at common law); United States v. Taylor, 426 F. App'x 702, 705 (11th Cir. 2011)("Rule 608(b) provides that a party may not introduce extrinsic evidence to attack a witness's character for truthfulness. The rule does not, however, prohibit a party from using extrinsic evidence

5

for other impeachment purposes, such as to show bias . . . ." (citations omitted)).

Even aside from use as impeachment evidence, the fact of a relationship is more probative than prejudicial under the particular facts of this case. While a plaintiff's romantic relationships may not be probative in other cases, here Jenkins' theory of the case renders the alleged relationship highly probative. McGuire was Abousharkh's supervisor primarily before Abousharkh alleged any discrimination or retaliation had occurred. Thus, she alleges the majority of the discrimination and retaliation occurred after McGuire's termination. But Jenkins argues that Abousharkh did not face discriminatory or retaliatory treatment after McGuire left.

Rather, Jenkins maintains that McGuire had been giving Abousharkh preferential treatment by "allow[ing] her to come and go to and from work as she pleased . . . and [] gift[ing] her his Mitsubishi bonus money totaling around $60,000 in one year alone." (Doc. # 53 at 2). Thus, Jenkins reasons, Abousharkh's receiving less bonus money and having a more fixed work schedule after McGuire left was not a result of discrimination or retaliation — it was merely the result of Abousharkh's new supervisor treating her the way other employees were treated. McGuire's alleged favoritism towards

6

Abousharkh is an essential part of this theory and the romantic relationship between them — whether it existed at that time or developed after Abousharkh ended her employment with Jenkins — is highly probative of preferential treatment. Given these circumstances, it appears to the Court at this time that the probativeness of the evidence outweighs its prejudicial effect.

Nor is the Court persuaded at this juncture that evidence of this romantic relationship would violate Rule 412. Rule 412 provides that "[t]he following evidence is not admissible in a civil or criminal proceeding involving alleged sexual misconduct: (1) evidence offered to prove that a victim engaged in other sexual behavior; or (2) evidence offered to prove a victim's sexual predisposition." Fed. R. Evid. 412(a). Rule 412(b)(2) creates an exception to the inadmissibility of this evidence: "In a civil case, the court may admit evidence offered to prove a victim's sexual behavior or sexual predisposition if its probative value substantially outweighs the danger of harm to any victim and of unfair prejudice to any party. The court may admit evidence of a victim's reputation only if the victim has placed it in controversy." Fed. R. Evid. 412(b)(2). Importantly, Rule 412 applies "in a Title VII action **in which the plaintiff has**

7

**alleged sexual harassment**." Fed. R. Evid. 412, Advisory Committee Notes (1994)(emphasis added).

Here, the amended complaint — although it states at a few points that Abousharkh suffered "harassment" — only alleges a mixed-motive theory of sex discrimination. Indeed, Count I states that Jenkins "took adverse employment actions against Abousharkh, including disciplining her, reducing her pay, suspending her, and terminating her" and that her sex "was a motivating factor in the adverse actions." (Doc. # 12 at 4). And the Court has ruled that this case may proceed to trial only on the retaliation and mixed-motive sex discrimination claims to the extent they are based on the alleged reduction of Abousharkh's spin bonuses and her termination. (Doc. # 63 at 6-7).

Thus, because Abousharkh is not proceeding to trial on a theory of sexual harassment, Rule 412 does not apply. Even if Rule 412 did apply, the Court would not exclude the evidence of a relationship at this time because the probative value of this evidence "substantially outweighs the danger of harm to any victim and of unfair prejudice to any party," given Jenkins' theory of the case. Fed. R. Evid. 412(b)(2).

While the Court will not exclude evidence of the relationship between Abousharkh and McGuire at this juncture,

8

Abousharkh is free to raise objections to particular evidence regarding the relationship during trial.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff Yasmeen Abousharkh's Motion in Limine (Doc. # 52) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 17th day of September, 2021.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE