UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

YASMEEN ABOUSHARKH,

    Plaintiff,

v.                                   Case No. 8:20-cv-1036-VMC-AEP

JENKINS NISSAN, INC.,

    Defendant.
_____/

**ORDER**

This matter comes before the Court pursuant to Defendant Jenkins Nissan, Inc.'s Motion to Preclude Testimony of Holly Pagan (Doc. # 64), filed on September 13, 2021. Plaintiff Yasmeen Abousharkh responded on September 27, 2021. (Doc. # 73). For the reasons that follow, the Motion is granted.

**Discussion**

Under Rule 26(a), "a party must, without awaiting a discovery request, provide to the other parties: (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information — along with the subjects of that information — that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A). And, under Rule 26(e),

1

> A party who has made a disclosure under Rule 26(a) - or who has responded to an interrogatory, request for production, or request for admission — must supplement or correct its disclosure or response:
>
> (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or
>
> (B) as ordered by the court.

Fed. R. Civ. P. 26(e)(1).

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Thus, "[t]he sanction for failure to comply with [Rule 26(a)] is the 'automatic and mandatory' exclusion from trial of the omitted evidence, 'unless non-disclosure was justified or harmless.'" Happel v. Walmart Stores, Inc., 602 F.3d 820, 825 (7th Cir. 2010).

"Exclusion is also an appropriate remedy under Fed. R. Civ. P. 16(b), which authorizes the court to control and expedite pretrial discovery through a scheduling order and gives the court broad discretion to preserve the integrity and purpose of a pretrial order, including the exclusion of

2

evidence." All-Tag Corp. v. Checkpoint Sys., Inc., 408 F. Supp. 3d 1347, 1353 (S.D. Fla. 2019).

Here, it is undisputed that Abousharkh did not disclose Holly Pagan as a witness in her initial Rule 26 disclosures in September 2020. (Doc. # 64 at 10-11; Doc. # 73 at 4). Nor did Abousharkh supplement her disclosures to include Pagan before the April 22, 2021 discovery deadline. (Doc. # 64 at 11-12). Rather, she amended her Rule 26 disclosures to include Pagan months later, on August 16, 2021. (Id. at 12; Doc. # 73 at 4). Thus, Abousharkh failed to timely disclose Pagan as a witness because she did not disclose Pagan until months after the discovery deadline. See Ford v. Pike Elec., LLC, No. 2:19-cv-146-MHT, 2021 WL 952403, at *1 (M.D. Ala. Mar. 12, 2021) ("The disclosure of these witnesses more than a month after the discovery deadline makes them untimely under Rule 26.").

In deciding whether to exclude Pagan's testimony, the Court must determine whether the failure to disclose was "substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "The party offering the untimely evidence bears the burden of showing that the delay was substantially justified or harmless." Ford, 2021 WL 952403, at *1. Abousharkh does not clearly argue that her failure to disclose was either justified or harmless. But she asserts that Jenkins knew about

the pertinence of its former employee Pagan's allegations of sexual harassment and retaliation to this case at least since March 2021, when Pagan's lawsuit against Jenkins was mentioned during the deposition of Kellee Gee in this case. (Doc. # 73 at 3). Thus, according to Abousharkh, Jenkins suffered no prejudice from the late disclosure. (Id. at 4).

The Court cannot conclude that the failure to disclose was harmless or justified. The fact that Jenkins was aware of Pagan's existence, as she was also a former employee and had sued Jenkins in 2018, does not support that Jenkins knew Pagan might be called as a witness in this case absent Abousharkh disclosing her. Indeed, Jenkins was prejudiced by this untimely disclosure because it is "unable to depose this witness to learn what [Abousharkh] may have her testify about as it relates to the present case," given that the discovery deadline has passed. (Doc. # 61 at 12).

Likewise, the failure to supplement her initial disclosures was not justified, given that Abousharkh was aware of Pagan's allegations at least since Gee's March 16, 2021 deposition — over a month before the discovery deadline on April 22, 2021. (Doc. # 73 at 4). Abousharkh easily could have supplemented her Rule 26 disclosures before the discovery deadline to include Pagan. In short, the Court

disagrees with Abousharkh that her violation of Rule 26 was a mere "technicality." (Id. at 3). Thus, Pagan is precluded from testifying at trial.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant Jenkins Nissan, Inc.'s Motion to Preclude Testimony of Holly Pagan (Doc. # 64) is **GRANTED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 28th day of September, 2021.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

5